UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN PALUMBO, individually, and on behalf of all others similarly situated, | : : : : : | |
| *Plaintiff*, | : : | **Hon. David C. Godbey** |
| v. | : : : | **No. 21-1818** |
| AT&T SERVICES, INC. and DIRECTV, LLC, | : : : : | |
| *Defendants*. | : : | |

**DEFENDANTS' UNOPPOSED MOTION TO CONSOLIDATE
RELATED ACTIONS AND SET SCHEDULING DEADLINES**

Pursuant to Federal Rules of Civil Procedure 6(b) and 42(a) and Local Civil Rules 7.2(c) and 42.1, and upon the consent and agreement of Plaintiffs Steven Palumbo (Palumbo) and Jill Witte (Witte) (collectively, Plaintiffs), Defendants AT&T Services, Inc. (AT&T) and DIRECTV, LLC (DIRECTV) (collectively, Defendants) respectfully move this Court for an Order: (1) consolidating before the Honorable David C. Godbey this action, Case No. 21-1818 (*Palumbo*), and *Witte v. AT&T Services, Inc.*, Case No. 22-0274 (*Witte*), which is a related action pending in this Court as of February 3, 2022; and (2) setting the initial deadlines, briefing schedule, and page limits for the consolidated proceeding in this Court as set forth below.

In support of this motion, Defendants state as follows:

1.       On August 4, 2021, Palumbo filed a class action complaint in this action. Dkt. No. 1.

2.       On December 20, 2021, Palumbo amended his complaint to name AT&T and DIRECTV as Defendants (Amended *Palumbo* Complaint). Dkt. No. 16. Defendants executed waivers of service on December 21, 2021. Dkt. Nos. 17, 18. Defendants' deadline to answer, move, or otherwise respond to the Amended *Palumbo* Complaint is currently February 18, 2022. *See id.*

3.       On February 3, 2021, Witte filed her duplicative class action complaint in the *Witte* action (*Witte* Complaint). No. 22-0274, Dkt. No. 1. In her filing, the *Palumbo* action was not designated as related. Defendants have executed waivers of service in the *Witte* action, and their deadline to answer, move, or otherwise respond in the *Witte* action is currently April 5, 2022.

4.       Plaintiffs both describe the nature of their disputes identically and as follows:

> This action concerns AT&T promising prospective new customers promotional reward cards in a substantial monetary amount (e.g., $100 to $400) (hereafter "Reward Card") to induce new customers to contract with AT&T for its various communications-related services. AT&T's actions and restrictions relating to the Reward Card, which are not adequately disclosed to new customers prior their contracting with AT&T, renders illusory the benefit that AT&T promised.

Am. *Palumbo* Compl. ¶ 1; *Witte* Compl. ¶ 1.

5.       Both Plaintiffs assert the same four claims against Defendants on behalf of the following identical putative nationwide classes and Florida subclasses:

> All AT&T consumers residing in any of the fifty States, the District of Columbia, Puerto Rico, or any other United States territory or possession, who purchased bundled telecommunications services from

2

> AT&T and (i) never received the promised AT&T Reward Card, (ii) received an expired AT&T Reward Card and/or (iii) received an AT&T Reward Card but were unable to activate the AT&T Reward Card they received during the time period from the date commencing four years prior to the filing the complaint.
>
> ***
>
> All AT&T consumers residing in Florida who purchased bundled telecommunications services from AT&T and (i) never received the promised AT&T Reward Card, (ii) received an expired AT&T Reward Card, and/or (iii) received an AT&T Reward Card but were unable to activate the AT&T Reward Card they received during the time period from the date commencing four years prior to the filing the complaint.

Am. *Palumbo* Compl. ¶ 29; *Witte* Compl. ¶ 29.

6. Both Plaintiffs assert claims for: (a) violation of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201 *et seq.*; (b) negligent misrepresentation; (c) unjust enrichment; and (d) declaratory relief. Am. *Palumbo* Compl. ¶¶ 40–77; *Witte* Compl. ¶¶ 40–77. They both also allege that they intend to assert a fifth claim under the Texas Deceptive Trade Practices Act-Consumer Protection Act (TDTPA), V.T.C.A. Business and Commerce Code § 17.41 *et seq*. Am. *Palumbo* Compl. at 11 n.1; *Witte* Compl. at 11 n.1.

7. The parties agree that the letter providing notice of violations of the TDTPA mailed by Plaintiffs' counsel on December 17, 2021 constitutes notice for both Plaintiffs' claims.

8. The parties agree it would be more efficient for the duplicative actions to be consolidated. The parties therefore agree and respectfully request that this Court issue an Order consolidating the *Witte* action with the *Palumbo* action before the Honorable David C. Godbey.

9. The parties further agree that Plaintiffs shall file a consolidated complaint in the *Palumbo* action on or before March 4, 2022.

10. The parties further agree that Defendants shall not be obligated to respond to the Amended *Palumbo* Complaint or the *Witte* Complaint. The parties agree and respectfully request that Defendants' deadline to answer, move, or otherwise respond to the anticipated consolidated complaint shall be April 5, 2022, which is the current deadline to respond to the *Witte* Complaint.

11. The parties understand that Defendants may file a motion to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, in lieu of filing an answer or other motion or response to the consolidated complaint. The parties further agree that should Defendants file a motion to compel arbitration then Defendants' obligations to answer, plead, or otherwise move in response to the consolidated complaint shall be tolled during the pendency of such motion.[1]

12. The parties further agree and request that, should Defendants file a motion in lieu of an answer to the consolidated complaint: (a) Defendants shall be permitted to file an opening brief of up to 35 pages in length in support of their motion; (b) Plaintiffs shall be permitted to file an opposition brief of up to 35 pages

---

[1] *See Lamkin v. Morinda Props. Weight Parcel, LLC*, 440 F. App'x 604, 607–08 (10th Cir. 2011) (A "defendant in a pending lawsuit may file a petition or motion to compel arbitration in lieu of an answer to the complaint" because "requiring a party to file an answer . . . in order to enforce its right *not to litigate* is a non-sequitur." (citation omitted)); *see also, e.g., Green Tree Fin. Corp.–Ala. v. Randolph*, 531 U.S. 79, 83 (2000) (noting without challenge defendants' filing in the district court of "a motion to compel arbitration" "[i]n lieu of an answer"); *Bell v. Captain D's, LLC*, No. 13-0198, 2014 WL 4063034, at *1 (N.D. Miss. Aug. 14, 2014) (contemplating motion to compel arbitration "[i]n lieu of filing an answer").

in length within 28 days of the filing of Defendants' motion and opening brief; and (c) Defendants shall be permitted to file a reply brief of up to 20 pages in length in further support of their motion within 28 days of the filing of Plaintiffs' opposition brief.

13. Plaintiffs consent to the relief sought in this motion.

WHEREFORE, Defendants, with Plaintiffs' consent, respectfully request that this Court consolidate the *Palumbo* and *Witte* actions before Judge David C. Godbey and set the following deadlines and page limits:

- Plaintiffs' Consolidated Complaint: Due on or before March 4, 2022;

- Defendants' Answer, Motion, or Response: Due on or before April 5, 2022 (any opening brief may be up to 35 pages in length);

- Plaintiffs' Opposition Brief (if any): Due within 28 days of the filing of any motion (any opposition brief may be up to 35 pages in length); and

- Defendants' Reply Brief (if any): Due within 28 days of the filing of Plaintiffs' Opposition Brief (any reply brief may be up to 20 pages in length).

| | |
|---|---|
| Dated: February 10, 2022 | /s/ Michael W. McTigue Jr. |

Michael W. McTigue Jr.
    (Pa. Bar No. 69548; *pro hac vice*)
Meredith C. Slawe
    (Pa. Bar No. 201489; *pro hac vice*)
Max E. Kaplan
    (Pa. Bar No. 323140; *pro hac vice*)
**Cozen O'Connor**
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
Telephone: (215) 665-2000
Facsimile: (215) 665-2013
mmctigue@cozen.com
mslawe@cozen.com
mkaplan@cozen.com

Kendall Kelly Hayden
    (State Bar No. 24046197)
**Cozen O'Connor**
1717 Main Street, Suite 3100
Dallas, Texas 75201
Telephone: (214) 462-3000
Facsimile: (214) 462-3299
khayden@cozen.com

*Counsel for Defendants AT&T Services, Inc. and DIRECTV, LLC*

## CERTIFICATE OF CONFERENCE

I certify that on February 10, 2022, I conferred with counsel for Plaintiffs Steven Palumbo and Jill Witte to discuss the relief requested herein. Plaintiffs' counsel stated that Plaintiffs consent to the relief requested herein.

                                                      /s/ Michael W. McTigue Jr.
                                                      Michael W. McTigue Jr.

## **CERTIFICATE OF SERVICE**

    I certify that on February 10, 2022, I caused to be filed electronically the foregoing document using the CM/ECF system, which will send notification of such filing to all current counsel of record in this action as well as an attorney for each party in the matter of *Witte v. AT&T Services, Inc.*, Case No. 22-0274.

                                            */s/ Michael W. McTigue Jr.*
                                            Michael W. McTigue Jr.