UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN PALUMBO and JILL WITTE, individually, and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>AT&T SERVICES, INC. and DIRECTV, LLC,<br><br>*Defendants*. | **Hon. David C. Godbey**<br><br>No. 21-1818 |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR APPOINTMENT OF LEAD COUNSEL

Immediately following the consolidation of these actions, Plaintiffs Steven Palumbo (Palumbo) and Jill Witte (Witte) (collectively, Plaintiffs) moved this Court to appoint their shared counsel as Interim Co-Lead Counsel and to form a single-member Plaintiffs' Executive Committee (Motion). Dkt. No. 26. Plaintiffs are represented by the same attorneys, and there are no known pending or potential additional related actions. This Motion is therefore unnecessary, and Defendants AT&T Services, Inc. (AT&T) and DIRECTV, LLC (DIRECTV) (collectively, Defendants) respectfully request that it be denied.

### BACKGROUND

Palumbo, a Florida resident, through his attorneys at Federman & Sherwood (Federman) and Evangelista Worley, LLC (Evangelista), filed this putative national class action (*Palumbo*) on August 4, 2021. Dkt. No. 1. On December 20, 2021,

Palumbo filed an amended complaint. First Am. Class Action Compl. (*Palumbo* Am. Compl.), Dkt. No. 16. On February 3, 2022, Federman and Evangelista, along with Kantrowitz, Goldhamer & Graifman P.C. (Kantrowitz) (collectively, Plaintiffs' Counsel), filed a second, nearly identical national class action complaint against Defendants in this Court on behalf of Witte, who is also a Florida resident. Compl. (*Witte* Compl.), *Witte v. AT&T Servs., Inc.*, No. 22-0274 (N.D. Tex. Feb. 3, 2022), Dkt. No. 1. On February 10, 2022, Defendants moved to consolidate the two actions. Dkt. No. 22.

This Court consolidated the two actions on February 22, 2022. Dkt. No. 25. As a result, Plaintiffs filed a Consolidated Class Action Complaint on March 4, 2022. Dkt. No. 28. Defendants anticipate moving to compel arbitration in lieu of filing an answer or dispositive motion. Defendants are unaware of, and Plaintiffs have not identified, any other pending or threatened actions that are related to or might be consolidated with these actions.

On February 23, 2022, Plaintiffs moved this Court to: (1) appoint Plaintiffs' shared counsel at Federman and Evangelista as Interim Co-Lead Counsel; and (2) appoint counsel at Kantrowitz to chair an otherwise empty Plaintiffs' Executive Committee. *See* Motion at 1, 10. Respectfully, these requests are unnecessary and will only serve to complicate this litigation and increase costs.

## ARGUMENT

### I. Appointment of Interim Co-Lead Counsel and the Formation of a Plaintiffs' Executive Committee Are Unnecessary.

In most class actions, courts "will not need to be actively involved in designating counsel as there will only be one class action with one putative class counsel and one set of defense attorneys." 3 Newberg on Class Actions § 10:9 (5th ed.). In such cases, like this one, "the court's task is limited to adjudicating the motion for class certification which will seek appointment of that counsel pursuant to Rule 23(g)." *Id.* Only when there are multiple overlapping cases with competing attorneys will courts consider whether to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).

The appointment of interim counsel, therefore, is generally reserved for multidistrict litigation that "involve myriad individual parties and putative class suits, numerous defendants, and hence possibly hundreds of lawyers." *Id.* When there are "competing suits . . . a number of lawyers may compete for class counsel appointment" and "the court may need to select interim class counsel from lawyers competing for the role" to "clarif[y] responsibility for protecting the interests of the class during precertification activities." Manual Complex Lit. § 21.11 (4th ed.).

There are no competing suits that create a need for the relief sought by Plaintiffs. On February 22, 2022, this Court consolidated the *Palumbo* and *Witte* actions. Dkt. No. 25. All six attorneys that represent Palumbo also represent Witte. *Compare Palumbo* Am. Compl. at 18 (Federman and Evangelista on signature

3

block), *with Witte* Compl. at 18 (same). Plaintiffs do not identify, and Defendants are unaware of, any other pending or potentially similar actions or any other attorneys that might bring such actions. This simply is not a case in which this Court must "clarif[y] responsibility for protecting the interests of the class during precertification activities." Manual Complex Lit. § 21.11.

Plaintiffs suggest that "[t]he designation of interim lead counsel is necessary here to file a consolidated complaint and respond to anticipated motions by AT&T . . . [and] to conduct discovery and move for class certification." Motion at 3. That is not accurate. Plaintiffs filed a consolidated complaint on March 4, 2022. Dkt. No. 28. And there are no impediments to Plaintiffs' ability to respond to Defendants' anticipated motion compel arbitration.

Contrary to Plaintiffs' suggestion, early designation of lead counsel might be helpful only in the limited and unusual circumstances when the plaintiffs are represented by different attorneys. Under such circumstances, the "need to progress toward the certification determination may require designation of interim counsel." Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment. Here, the two named plaintiffs are represented by the same attorneys. Indeed, Plaintiffs' counsel have agreed on their respective roles and there is no reason or need for this Court to take any action.

Nor would it be efficient to form a Plaintiffs' Executive Committee. As Plaintiffs correctly observe, this Court has "great flexibility in determining the leadership structure that best suits the needs of the case, but '[t]he most important

4

[factor in determining leadership structure] is achieving efficiency and economy without jeopardizing fairness to the parties.'" Motion at 3 (alterations in original) (quoting Manual Complex Lit. § 10.221). Rather than increasing efficiencies, "[c]ommittees of counsel can sometimes lead to substantially increased costs," as they are prone to "unnecessary duplication of efforts." Manual Complex Lit. § 10.221. Here, forming a committee would not only be inefficient, it would be pointless, as it would contain only one member—its proposed Chair, Gary S. Graifman of Kantrowitz.

The cases Plaintiffs cite are inapposite. In *Ramirez v. J.C. Penney Corp.*, for example, the court appointed interim counsel because there was a "separate and distinct securities class action also pending." No. 14-0601, 2014 WL 12713071, at *2 (E.D. Tex. Aug. 20, 2014). Meanwhile, both *Kjessler v. Zaappaaz, Inc.* and *In re Wells Fargo Wage & Hour Employment Practices Litigation* involved competing motions for appointment of interim class counsel following the consolidation of multiple cases brought by different law firms. *See Kjessler*, No. 18-0430, 2018 WL 8755737, at *3 (S.D. Tex. Aug. 31, 2018); *In re Wells Fargo*, No. 11-2266, 2011 WL 13135156, at *3 (S.D. Tex. Dec. 19, 2011).

While Defendants have not responded to the Consolidated Class Action Complaint, they intend to file a motion to compel arbitration. Plaintiffs' arbitration agreements contain class action waivers that preclude Plaintiffs from pursuing their claims in court or on a class-wide basis. For this additional reason, the Motion is unnecessary.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny the Motion.

                                      Respectfully submitted,

Dated: March 15, 2022                */s/ Michael W. McTigue Jr.*
                                      Michael W. McTigue Jr. (*pro hac vice*)
                                      Meredith C. Slawe (*pro hac vice*)
                                      **Skadden, Arps, Slate, Meagher**
                                          **& Flom LLP**
                                      One Manhattan West
                                      New York, New York 10001
                                      Telephone: (212) 735-3000
                                      Facsimile:  (212) 735-2000
                                      michael.mctigue@skadden.com
                                      meredith.slawe@skadden.com

                                      Kendall Kelly Hayden
                                      (State Bar No. 24046197)
                                      **Cozen O'Connor**
                                      1717 Main Street, Suite 3100
                                      Dallas, Texas 75201
                                      Telephone: (214) 462-3000
                                      Facsimile:  (214) 462-3299
                                      khayden@cozen.com

                                      *Counsel for Defendants AT&T Services, Inc.*
                                      *and DIRECTV, LLC*

6

## **CERTIFICATE OF SERVICE**

I certify that on March 15, 2022, I caused to be filed electronically the foregoing document using the CM/ECF system, which will send notification of such filing to all current counsel of record.

*/s/ Michael W. McTigue Jr.*
Michael W. McTigue Jr.
